IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>WALTER TYRONE ALTMAN, )<br> )<br>    **Defendant.** ) | CRIMINAL NO. 21-0034-WS |

## ORDER

    This matter is before the Court on the defendant's motion to dismiss. (Doc. 48). Because his motion challenges the constitutionality of his confinement, the Court, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), advised the defendant that it intended to recharacterize the motion as one to vacate under 28 U.S.C. § 2255, warned the defendant that this recharacterization means that any subsequent motion to vacate under Section 2255 will be subject to the restrictions on "second or successive" motions to vacate as set forth in 28 U.S.C. § 2255(h), and provided the defendant an opportunity, should he so choose, to withdraw his motion to dismiss or to amend the motion so that it contains any additional Section 2255 claims he believes he has. (Doc. 49). The deadline for doing so expired on April 15, 2024, two months after entry of the Court's order. The defendant has filed nothing. The Court therefore recharacterizes the defendant's motion to dismiss as a motion to vacate under Section 2255.

    A motion to vacate generally must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). The defendant was sentenced on September 3, 2021, (Doc. 41), and he filed no appeal. His judgment of conviction therefore became final on or about September 17, 2021. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); Fed. R. App. P. 4(b)(1)(A)(i). The instant motion was filed in February 2024, almost 2½ years after his judgment of conviction became final. His motion is therefore untimely under Section 2255(f)(1).

The defendant's motion to dismiss is based on *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  An initial motion to vacate is timely under Section 2255(f)(3) if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *Bruen* was released on June 23, 2022, almost 20 months before the instant motion was filed.  In addition, to the uncertain extent that *Bruen* initially recognized the right asserted by the defendant, "*Bruen* has not been made retroactive to cases on collateral review by the Supreme Court."  *In re: Terry*, 2022 WL 20033240 at *2 (11th Cir. 2022) (internal quotes omitted).

Even were the defendant's motion timely filed, it would fail on the merits.  The defendant was convicted of a single charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The defendant argues that, based on *Bruen*, Section 922(g)(1) is unconstitutional under the Second Amendment.  In a pre-*Bruen* case, the Eleventh Circuit held that "Section 922(g)(1) is Constitutional."  *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010).  The Eleventh Circuit has recently held that "*Bruen* did not abrogate *Rozier*."  *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024).  As in *Dubois*, "[b]ecause *Rozier* binds us, [the defendant's] challenge based on the Second Amendment fails."  *Id*.

For the reasons set forth above, the defendant's motion to dismiss, recharacterized as a motion to vacate, is **denied**.

DONE and ORDERED this 2nd day of May, 2024.

              s/ WILLIAM H. STEELE
              UNITED STATES DISTRICT JUDGE